## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

CARLOS DIAZ and MYRNA DIAZ,

        Plaintiffs,

vs.                                        CIV No. 00-0700  JC/DJS

SECOND JUDICIAL DISTRICT COURT and
OFFICE OF BERNALILLO COUNTY DISTRICT
ATTORNEY and ALBUQUERQUE POLICE DEPT.
and NEIL CANDELARIA, JEFF ROMERO,
PETER DECKER, CARTER CLARY, RAY BACA,
DONALD McGRATH, LEIF ARVICKSON, TOM
SHOLTIS AND HUANG DANG, P. FEIST and
D. PACHECO, ALL ARE INDIVIDUALS
PERFORMING UNAUTHORIZED ACTS WHILE
ON OFFICIAL DUTY, AND OTHERS YET
UNNAMED, All Individually, Jointly and Severally,

        Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came on for consideration of 1) Judicial Defendants' Motion to Dismiss, filed March 13, 2001 *(Doc. 45);* 2) City Defendants' Motion to Dismiss, filed July 16, 2001 *(Doc. 62)*; and 3) Defendant Albuquerque Police Department's Motion to Dismiss, filed July 16, 2001 *(Doc. 66)*. The court has reviewed the motions, the memoranda and exhibits submitted by the parties and the relevant authorities. The court finds that the motions to dismiss are well taken and will be granted as to Count I. The court will allow Plaintiffs to amend their complaint as to Count II. Finally, the parties are directed to substitute the City of Albuquerque for the Albuquerque Police Department in all further proceedings.

# BACKGROUND

Plaintiffs Carlos and Myrna Diaz seek monetary damages against Defendants for violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), Title 18 U.S.C. § 1961-64, and for Fraud and Conspiracy to Commit Fraud. *See* Plaintiffs' Second Amended Complaint (SAC), filed June 1, 2000 *(Doc. 3)*.

According to Plaintiffs' SAC, Plaintiff Carlos Diaz was attacked in June of 1997 by a criminal gang wielding at least one gun and a knife. *See* Plaintiffs' SAC at 2, ¶ 2-3. During the fight, Plaintiff Myrna Diaz, Mr. Diaz' mother, was knocked to the ground. *See id.* at 2, ¶ 3. Plaintiffs allege that Defendant officers investigating the incident improperly focused on Mr. Diaz because of his race. *See id.* at 2, ¶ 4. Plaintiffs allege that Defendant Donald McGrath instigated racial profiling which resulted in officers conspiring to write fraudulent reports about the incident. *See* Plaintiffs' SAC at 3, ¶ 7. These reports were then forwarded to the District Attorney Defendants, and then to the Judicial Defendants, resulting in Plaintiffs' indictment. *See id.* at 3, ¶8-9. According to Plaintiffs, throughout this series of events, Defendants carried on a "scheme of conspiracy, fraud, mail fraud and forgery" in violation of Plaintiffs' civil rights. *See* Plaintiffs' SAC at 4, ¶ 10.

Arguing that Plaintiffs' Second Amended Complaint fails to properly allege and plead a RICO claim, Defendants move to dismiss. *See* Judicial Defendants' [Second Judicial District Court Judge Neil Candelaria, Second Judicial District Attorney Jeff Romero and Assistant District Attorneys Peter Decker and Carter Clary] Motion to Dismiss, filed March 13, 2001 (*Doc. 45*); and City Defendants' [Albuquerque Police Department, Ray Baca, Leif Arvidson, Tom Sholtis, Huang Dang, P. Feist and D. Pacheco] Motion to Dismiss, filed July 16, 2001 *(Doc. 62)*. In addition, the Albuquerque Police

Department argues that it is not a suable entity and, therefore, Plaintiffs' claims against it should be dismissed.  *See* Motion to Dismiss, filed July 16, 2001 *(Doc. 66)*.

## ANALYSIS

### I.  <u>Standards</u>

#### A.    **Motion to Dismiss**

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must accept all well-pleaded allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F. 3d 1381, 1384 (10th Cir. 1997). Dismissal may be granted only when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Id.* (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."  *Sutton v. Utah State School for the Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999)(quoting *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir.1991)).  The plaintiff carries the burden of alleging sufficient facts, but need not plead every fact in specific detail. *See Hall v. Bellmon*, 935 F. 3d 1106, 1110 (10th Cir. 1991) (citing *Conley*, 355 U. S. at 47).  However, conclusory allegations without supporting factual averments are insufficient to state a claim. *Id.* at 1110.

**B.**     *Pro Se* **Litigants**

Plaintiffs' Complaint and subsequent amended complaints were filed without the assistance of an attorney.  While Plaintiffs' attorney later entered an appearance and was able to respond to Defendants' motions, the court notes that the pleadings of non-lawyers proceeding *pro se* are to be liberally construed. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972)(per curium). The court will therefore consider Plaintiffs' Second Amended  Complaint in light of *Haines*.  However, the broad reading of Plaintiffs' complaint does not relieve the Plaintiffs of their burden of alleging sufficient facts on which a recognized legal claim could be based. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Furthermore, a court is not to "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**II.**     <u>**Discussion**</u>

**A.**     **RICO claims**

Congress enacted RICO, 18 U. S. C. §§ 1961-1968 (1994 & Supp. IV 1998), to counter organized crime activity in this country by providing harsh penalties for organized racketeering. *See Beck v. Prupis*, 529 U.S. 494, 496 (2000). Congressional intent indicates that RICO should be liberally construed. *See Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 497-98 (1985) (quoting Pub.L. 91-452, § 904(a), 84 Stat. 947). Plaintiffs allege in Count I of their Second Amended Complaint that

Defendants have violated RICO through a number of predicate acts including both mail and wire fraud. [1]

RICO provides a private right of action under 18 U.S.C. § 1964 (c) for "[a]ny person injured in his business or property by reason of a violation of section 1962...." 18 U.S.C. § 1964(c) There are four types of civil RICO violations under § 1962.  Subsections 1962(a), (b), and (c) are substantive provisions, while §1962(d) references conspiracy. To survive a Rule 12(b)(6) motion, a civil RICO claim under § 1962 (a), (b) or (c) must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *Cayman Exploration Corp. v. United Gas Pipe Line Co*., 873 F. 2d 1357, 1362 (10th Cir. 1989)(quoting *Sedima*, 473 U. S. at 496).  A RICO conspiracy claim under § 1962 (d) requires a showing of the  existence of a conspiracy and the commission of an overt act in furtherance of the conspiracy.  *See Beck*, 529 U.S. at 505-06. Although Defendants challenge the sufficiency of Plaintiffs' allegations under each element of RICO, a threshold issue is whether Plaintiff has sustained an injury sufficient to warrant standing under § 1964(c).

Accordingly, in order for Plaintiffs to recover damages under the RICO statute, Plaintiffs must show both a violation of Section 1962(a), (b), (c) or (d), *and* an injury to business or property by reason of this violation. *See* 18 U.S.C. § 1964(c); *Sedima*, 473 U. S. at 495 (The injury "by reason of" a violation of § 1962 requirement is one of causation, and is commonly referred to as RICO standing). Specifically, § 1962(a) requires a plaintiff to plead facts that show that he was injured by the use or investment of racketeering income. *See Grider v. Texas Oil & Gas Corp.*, 868 F.2d 1147, 1149 (10th Cir.), cert. denied, 493 U.S. 820 (1989). Under section 1962(b) a plaintiff must allege an

---

[1]Plaintiffs also allege predicate acts of fraud, extortion, conspiracy, forgery of official court documents, obstruction of justice, conspiracy to violate civil rights, deprivation of civil rights, sedition, subordination of perjury and perjury.

injury arising out of a defendant's acquisition or control of an enterprise involved in interstate commerce. *See e.g. Midwest Grinding Co., Inc. v. Spitz*, 716 F. Supp. 1087, 1091 (N.D. Ill.1989), aff'd, 976 F.2d 1016 (7th Cir.1992). Finally, if Plaintiffs are alleging racketeering activity under § 1962(c) or a racketeering conspiracy under § 1962(d), they must be able to show that their injuries were directly caused by an act which itself constitutes racketeering activity, rather than simply an act performed to benefit the racketeering enterprise. *See Beck v. Prupis*, 529 U.S. at 505 (RICO conspiracy plaintiff was not injured by a predicate act that itself constituted a racketeering activity; therefore, plaintiff did not have cause of action under RICO).

Plaintiffs do not specify under which subsection their RICO claim is brought. However, even construing Plaintiffs' complaint liberally as alleging violations of all four subsections, Plaintiffs have failed to properly plead an injury to their business or property sufficient to establish a cause of action based on § 1962(a), (b), (c) or (d). To establish RICO standing, Plaintiffs must demonstrate that any injury was proximately caused by a violation of § 1962. *Holmes v. Securities Investor Protection Corp.*, 503 U. S. 258, 267-68 (1992); *Sperber v. Boesky*, 849 F.2d 60, 64 (2d Cir.1988). The proximate cause requirement may be met "when the RICO pattern or acts... are a substantial factor in the sequence of responsible causation, and if the injury is reasonably foreseeable or anticipated as a natural consequence." *Hecht v. Commerce Clearing House, Inc.*, 897 F.2d 21, 23-24 (2nd Cir. 1990)(plaintiff's loss of commissions was not direct result of racketeering activities, even though caused in fact by those activities; therefore, plaintiff lacked standing to bring civil RICO claim).

Plaintiffs have failed to properly plead any injury, economic or otherwise, which can be directly connected to Defendants' alleged racketeering activity. Essentially, Plaintiffs claim that they were injured by Defendants' acts of racketeering. The complaint contains conclusory allegations

which fail to address each of the four parts of section 1962.  Conclusory allegations that Defendants

acted to "cause Plaintiff financial harm and injury" and that Defendants have "caused harm and injury

to Plaintiffs personally and professionally" are completely inadequate to establish standing in a RICO

case.  The court notes that these statements constitute the entirety of Plaintiffs' references to any

injuries suffered.  Plaintiffs fail to describe their professions, the effect of Defendants' actions on their

income or ability to earn, or any other detail at all which would establish Plaintiffs' injuries under any

subsection of § 1962.   Furthermore, because Plaintiffs have not alleged injury from the substantive

violations, they have failed to show how the alleged conspiracy to commit those violations caused

him injury.  *See Grider*, 868 F.2d 1147, 1151.  Accordingly, the Court finds that Plaintiffs have failed

to properly state a claim for recovery under RICO.

  While dismissals pursuant to Rule 12(b)(6) occur typically only after the plaintiff is afforded

notice and an opportunity to cure the defective allegations, the court "may dismiss *sua sponte* 'when

it is patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an

opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.

1991) (quoting *McKinney v. Oklahoma*, 925 F.2d 363, 365 (10th Cir. 1991)). In this case, Plaintiffs'

briefs fail to suggest that there are any specific facts or details which they could further plead to

sustain their allegations, conclusions, opinions, and characterizations. Defendants' motions to dismiss

Plaintiffs' Count I-RICO claims are therefore granted.[2]

---

  [2]Plaintiffs' Second Amended Complaint is similarly devoid of facts  which adequately demonstrate that Defendants engaged in any of the predicate acts necessary to prove a RICO claim. Plaintiffs' SAC is rife with conclusory allegations, yet lacking in particular instances, examples or explanations of the activities which provide the basis for the racketeering activity which they plead.  Accordingly, in the alternative, the court would also dismiss Plaintiffs' RICO claims for failure to state a claim that Defendants committed or conspired to commit an act of racketeering.

B..     **Fraud and Conspiracy to Commit Fraud**

While not specifically limited to Plaintiffs' RICO claim, Defendants' Motions to Dismiss address only elements of that claim, as opposed to Plaintiffs' Count II-Fraud or Conspiracy to Commit Fraud. Nevertheless, the court notes that in order to properly plead a fraud claim, Fed. R. Civ. P. 9(b) requires that the circumstances constituting fraud shall be stated with particularity. Malice, intent, knowledge, and other conditions of mind of a person may be averred generally. *See* Fed. R. Civ. P. 9(b). A complaint under Rule 9 must set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof. *Schwartz v. Celestial Seasonings, Inc.*, 124 F. 3d 1246, 1252 (10th Cir. 1997). A plaintiff must set forth an explanation of what is false or misleading about a statement, and why it is false. *United States v. Cheng*, 184 F. R. D. 399, 402 (D. N. M. 1998). The court finds Plaintiffs' Second Amended Complaint completely lacking in this regard. However, because the parties failed to adequately brief Count II, the court will allow Plaintiffs to amend Count II to set forth the particulars of that claim. Plaintiffs will have fourteen (14) days from the entry of this order in which to file their Third Amended Complaint.

C.     **Albuquerque Police Department**

The Tenth Circuit has stated that police departments are not suable entities under § 1983, because they lack legal identities apart from the municipality. *See Ketchum v. Albuquerque Police Dept.*, No. 91-200, 1992 WL 51481(10th Cir. 1992) (unpublished opinion citing *Martinez v. Winner*, 771 F.2d 424, 443 (10th Cir. 1985)). Accordingly, the New Mexico District Court has consistently held that a police department is not a legal entity which may be held liable apart from a municipal

corporation.  *See e.g., Gonzales v. Morrow*, No. CIV 93-1216 (D.N.M. filed October 25, 1994); *Romero v. City of Albuquerque*, No. CIV 94-832 (D.N.M. filed October 4, 1994); *Flores v. City of Albuquerque*, No. CIV 92-46 (D.N.M. filed May 28, 1993); *Atencio v. City of Albuquerque*, No. CIV 91-57 (D.N.M. filed August 27, 1991); *Howard v. City of Albuquerque*, No. CIV 91-1019 (D.N.M. filed July 12, 1991). The court will therefore dismiss Plaintiffs' claims against the Albuquerque Police Department.  Because Plaintiffs did not originally name the City of Albuquerque in their Second Amended Complaint, the court will permit Plaintiffs to substitute the City of Albuquerque as Defendant in the remaining count.

## II.   Conclusion

In summary, the court finds that Plaintiffs' Second Amended Complaint fails to state a claim for recovery under the civil provisions of RICO.  Specifically, the court finds that Plaintiffs failed to sufficiently plead an injury 18 U.S.C. § 1964 (c) and § 1962 (a), (b), (c), or (d).  The court declines to allow Plaintiffs to amend the SAC to correct these deficiencies, as nothing in the briefs indicate that such an amendment would be anything but futile. The court also finds that Plaintiffs have failed to properly plead fraud with particularity as required by Fed. R. Civ. P. 9(b).  However, the court will allow Plaintiffs to amend their complaint to include the who, what, when and where of the allegations set forth in Count II of the SAC.  Finally, as the Albuquerque Police Department is not a separably suable entity, the parties are directed to substitute the City of Albuquerque as Defendant in all further proceedings.

Wherefore,

IT IS ORDERED that the Judicial Defendants' Motion to Dismiss, filed March 13, 2001 *(Doc. 45)* is hereby **granted** as to Count I.

IT IS ORDERED that the City Defendants' Motion to Dismiss, filed July 16, 2001 *(Doc. 62)* is hereby **granted** as to Count I.

IT IS ORDERED that Defendant Albuquerque Police Department's Motion to Dismiss, filed July 16, 2001 *(Doc. 66)* is hereby **granted**. Plaintiffs are directed to substitute the City of Albuquerque in any further proceedings.

IT IS ORDERED that Plaintiffs are directed to file their Third Amended Complaint within fourteen (14) days of the entry of this order.  Plaintiffs' Third Amended Complaint shall set forth the basis of their Count II with particularity or be subject to dismissal.

Dated August 1, 2001.


_____
SENIOR UNITED STATES DISTRICT JUDGE

-10-

Attorneys for Plaintiffs:

       Stephen McIlwain, Esq.
       Albuquerque, New Mexico

Attorneys for Defendants:

       *Judicial Defendants*
       Barbara Pryor, Esq.
       McCary, Wilson & Pryor
       Albuquerque, New Mexico